RECEIVED
DEC 28 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA MOORE CAMPBELL

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 04-2422

JUDGE STAGG
**REFERRED TO:**
**MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Barbara Campbell ("Plaintiff") has a twelfth grade education and past work experience that includes dump-truck driver, nurse's aide and babysitter. She alleges that she became disabled due to congestive heart failure and other health problems. Plaintiff was 41 years old when ALJ Patricia Lobo denied her claim.

The Appeals Council denied a request for review. Plaintiff filed this application for judicial review. She urges that the ALJ's decision is not supported by substantial evidence and that the ALJ improperly found that there are jobs available that Plaintiff can maintain. Both parties filed written consent to have this case decided by a magistrate judge. The case was then referred to the undersigned pursuant to 28 U.S.C. § 636(c) and a standing order of the district court regarding social security cases.

## Summary of the ALJ's Decision

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). She found that Plaintiff was not working (step one) and suffered from stable congestive heart failure, cardiomyopathy and obesity, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three).

The ALJ then determined that Plaintiff had a residual functional capacity ("RFC") for sedentary work activity. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a). Social Security Ruling 83-10 explains that a job involves walking and standing "occasionally" if those tasks generally total no more than about 2 hours of an 8-hour workday, with the other six or so hours spent sitting. Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000).

The ALJ then turned to step four, which asks whether the claimant has the RFC to perform her past relevant work. To determine whether an applicant can perform his past

relevant work, the ALJ must assess "the physical and mental demands of the work [the applicant has] done in the past." 20 C.F.R. §§ 404.1520(e) and 416.920(d). If the applicant can still do that "kind of work," the ALJ will find that the applicant is not disabled. Id. This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy. For example, the ALJ may take notice of job data in the Dictionary of Occupational Titles which reflects the requirements of various jobs as performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61.

The ALJ's discussion of her step four decision is as follows:

> In her former job as a baby sitter, as performed by the claimant she was not required to stand and walk for protracted periods. Because her past work did not require the performance of work activities precluded by her medically determinable impairment, she is able to return to the type of work she performed in the past.

Tr. 20. That finding terminated the analysis.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issue 1; Substantial Evidence (Generally)**

Plaintiff, while living in Nebraska, complained of chest pain. After a cardiac catheterization indicated congestive heart failure and left ventricular dysfunction, her physicians proceeded with aggressive medical management. Tr. 189. At a visit in January 2002, a cardiologist compared her state to the previous study of July 2001 and found that "there has been very significant improvement of left ventricular systolic function" and that the left ventricle "is also now normal in size where it was previously significantly dilated." There did, however, "continue to be significant pulmonary hypertension." Tr. 179.

Before Plaintiff moved to Louisiana, she was assessed in June 2002 as New York Heart Association functional class II. Tr. 177. Class I patients have no limitation of activities, and class IV patients must be at complete rest confined to a bed or chair. A class II patient such as Plaintiff is considered to have slight, mild limitation of activity and to be comfortable with rest or with mild exertion.

Dr. Raymond Cush performed a consultative examination in October 2002. He found that Plaintiff continued to have signs of heart disease and was "able to do sitting but is not able to do long amount[s] of standing and walking and the heavy lifting of patients as she did with her last job [as a nurse's aide]. Tr. 221-23. An examination at LSU Health Science

Center in March 2003 found that Plaintiff was clinically stable and that there was documentation of improvement. Tr. 326.

Dr. Ronald Goebel, Ph.D., conducted a psychological screening in July 2003. A standardized test indicated significant emotional maladjustment. Dr. Goebel opined that Plaintiff's condition may have been exaggerated as part of a "cry for help." He believed that Plaintiff was under significant mental and emotional strain because of her financial and marital problems and that, to ensure her success, she would need psychiatric treatment. Plaintiff was then taking antidepressant medication, but Dr. Goebel did not believe that medication alone would be sufficient. Tr. 340-341. Plaintiff had earlier reported to Dr. Cush that she took Paxil in 1998 for depression but no longer used it and had no mental hospital stays or need for regular mental clinic visits. Tr. 222. On the other hand, Plaintiff received a starter pack of Zoloft during a visit to LSU-HSC. Tr. 326.

Plaintiff's brief summarizes the evidence and urges that the ALJ made several unspecified errors in interpreting the evidence. She also urges that the ALJ should have given "more weight and consideration" to the fact that she suffers from congestive heart failure, ongoing emotional problems and obesity. The ALJ's decision that Plaintiff has the RFC for sedentary work, with its minimal demands, is supported by substantial evidence. There is nothing in the records discussed above that would preclude a reasonable mind from accepting the evidence as adequate to support a conclusion that Plaintiff can perform sedentary work, and that is all that is required under the deferential substantial evidence

standard. With respect to the emotional problems, the ALJ concluded that Plaintiff's situational depression was no more than a slight abnormality that was not a severe impairment. Tr. 19. As noted above, there is some indication that Plaintiff has on occasion taken medication generally used to treat depression, but there is no indication that she has required or received consistent counseling, medication or other treatment that would indicate a severe mental impairment.

**Issue 2; Ability to Perform Past Work**

Plaintiff's second issue in her brief contends that the ALJ failed with respect to her burden in finding that there are jobs available in significant numbers in the economy that Plaintiff can maintain. That argument is directed toward a step five decision, but this case was decided at step four, which asks whether the claimant can perform the demands of her past relevant work. Plaintiff did not assert any specific error with respect to a step four finding, but a brief discussion of the step four issues follows.

Plaintiff described her prior babysitting job as requiring her to watch and supervise children while parents worked; she sometimes prepared meals and activities for the children. She indicated that the job required eight hours of sitting and no walking or standing. Tr. 114. Accordingly, the ALJ's decision that Plaintiff can perform the sitting and standing demands of her past job as a babysitter, as she actually performed it, is supported by substantial evidence. The ALJ did not specifically discuss whether Plaintiff could perform any lifting demands of the job. Plaintiff indicated that the job required her to lift up to 20 pounds (Tr.

114), but she also stated that she left the job babysitting for her sister's three children "for non-health reasons" and gave no indication that she was incapable of performing the lifting or other physical demands of the job as she actually performed it. Tr. 92 & 94. Furthermore, Plaintiff has not raised this issue as an error in the manner required by the scheduling order. Accordingly, there are no grounds for reversal with respect to that matter.

**Conclusion**

For the reasons discussed above, there is substantial evidence to support the ALJ's decision. A judgment affirming the Commissioner's decision to deny benefits will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 28th day of December, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE